The order below is hereby signed.

Signed: May 17 2017



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ESHETU S. HAILE, | ) | Case No. 17-00091 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DISMISSING MOTION FOR AUTHORITY TO SELL
REAL PROPERTY KNOWN AS 532 SOMERSET PLACE,
NW, WASHINGTON, D.C. 20011, UNDER 11 U.S.C. § 363(h)

The debtor has filed in this case a *Motion for Authority to Sell Real Property Known as 532 Somerset Place, NW, Washington, D.C. 20011, Under 11 U.S.C. § 363(h)*, giving notice to creditors of the opportunity to oppose the *Motion* as required by Fed. R. Bankr. P. 2002. The trustee has opposed the *Motion* as premature because the *Motion* invokes 11 U.S.C. § 363(h) to sell both the interest of the estate and an asserted co-ownership interest, the validity of which the debtor disputes. The debtor did not invoke

11 U.S.C. § 363(f)(4) to seek a sale of the property free of the asserted co-ownership interest on the basis that the interest is in bona fide dispute.[1]  Accordingly, the asserted co-owner is entitled to view the debtor as seeking authority to sell the property based on the debtor's first obtaining an adjudication declaring the asserted co-ownership interest to be invalid or, alternatively, obtaining authority under § 363(h) to sell the property.  Pursuant to Fed. R. Bankr. P. 7001(2) and (3), both a proceeding to determine the validity of an interest in property and a proceeding under § 363(h) must be brought as an adversary proceeding.

The debtor has filed an adversary proceeding, Adv. Pro. No. 17-10010, seeking such relief, but that proceeding has not yet even reached the stage of a scheduling order.  The instant *Motion* cannot be granted when there has been no adjudication in the adversary proceeding.  If the adjudication of the adversary proceeding takes a significant period of time, the amount of secured debt might change significantly and the value of the property might change.  Moreover, the trustee ought not be required to address the merits of the proposed sale when the debtor may not obtain a favorable adjudication in the adversary proceeding, which would moot the *Motion*.  If the instant *Motion*

---

[1]  The trustee has not addressed whether she would oppose a motion that rests on § 363(f)(4).

is to be used as the vehicle for selling the property free and clear of all liens, it will not be any significant burden on the debtor to renew the *Motion* in the bankruptcy case once the adversary proceeding is resolved.  It is thus

ORDERED that the debtor's *Motion for Authority to Sell Real Property Known as 532 Somerset Place, NW, Washington, D.C. 20011, Under 11 U.S.C. § 363(h)* is DISMISSED without prejudice, and the hearing on the *Motion* is canceled.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.